## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ms. Deirdre Brown<br>4407 Fessenden Street, N.W.<br>Washington, D.C. 20016 | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Case No. _____ |
| WISH, LLC<br>SERVE ON: Mr. Robert D.G. Lewis<br>301 Constitution Ave., N.E.<br>Washington, D.C. 20002 | * | |
| | * | |
| | * | |
| a D.C. Limited Liability Corp. | * | |
| and | * | |
| Mr. Robert D.G. Lewis<br>301 Constitution Ave., N.E.<br>Washington, D.C. 20002 | * | |
| | * | |
| and | * | |
| Ms. Jacqueline ("Jackie") Lewis<br>301 Constitution Ave., N.E.<br>Washington, D.C. 20002 | * | |
| | * | |
| and | * | |
| Mr. Daniel Lewis<br>101 North Carolina Ave., SE<br>Apt. # 407<br>Washington, D.C. 20002 | * | |
| | * | |
| Individually and Together,<br>Defendants | * | |

_____/

## COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiff, Ms. Deirdre Brown, through undersigned counsel, states an action complaint

against Defendant WISH, LLC, and Mr. Robert D.G. Lewis, Ms. Jacqueline Lewis, and Mr.

Daniel Lewis, individually and jointly ("Defendants") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and further states a supplemental wage/hour claim pursuant to the "Minimum Wage Act" of the District of Columbia, presently codified at D.C. CODE ANN. § 32-1001 et seq. ("D.C. Minimum Wage Act"), and demands a jury trial as to all issues triable by jury, as follows:

## Introduction, Venue, and Jurisdiction

1.      Plaintiff is a resident of the District of Columbia.  By failing to pay the Plaintiff overtime amounts due, from time to time, Plaintiff alleges that Defendants violated the overtime provisions of the FLSA.

2.      In addition to actual sums owed, Plaintiffs seek liquidated damages pursuant to the FLSA and D.C. Minimum Wage Act, attorneys' fees and costs as provided under the FLSA and the D.C. Minimum Wage Act.

3.      WISH, LLC stands for "Washington Intern Student Housing".  WISH, LLC owns furnished properties throughout the metropolitan D.C. area, which it leases to students, interns, and teachers who need short to mid-term housing arrangements in the D.C. area.  Typically, the lease runs concurrent with a college semester (Fall, Spring, Summer semesters).  Individuals are paired with other individuals to live in group apartment housing; however, one bedroom units may be available from time-to-time.  WISH, LLC is thus a specialty lessor of properties focusing on the niche market of providing temporary furnished housing to individuals who will be in the D.C. area for the purpose of working internships or other jobs within the U.S. Government or other public or private institutions.

4.      At all times material herein, the Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5.      The Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as she would utilize the mail and/or telephone to carry out her assigned employment tasks.

6.      Each of the Defendants have been at all times material herein an "employer" within the meaning of the FLSA.

7.      Upon information and belief, Mr. Robert D.G. Lewis and Ms. Jacqueline Lewis serve as the sole shareholders and are the members of WISH, LLC, and of any corporate entities wholly owned by WISH, LLC.  Defendant Mr. Robert D.G. Lewis makes decisions with respect to the management of the operations of WISH, LLC, including the decisions relating to the management of the properties operated by WISH, LLC.  Ms. Jacqueline Lewis is involved in the day to day operations of WISH, LLC, and handles legal and accounting business matters. Ms. Jacqueline Lewis also supervised the Plaintiff and reviewed her performance, and engaged in negotiations with the Plaintiff concerning her employment.  Mr. Daniel Lewis served as the direct supervisor of the Plaintiff, and he signed an employment contract executed between WISH, LLC and the Plaintiff.  Mr. Daniel Lewis also handled day to day employment issues concerning the Plaintiff, including issues relating to hours worked and leave time.  All three individual Defendants have the authority to set the pay rate and hours of the Plaintiff, as well as other employees, and possess the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to employees of WISH, LLC.  Moreover, Defendants Robert D.G. Lewis and Jacqueline Lewis have substantial, if not complete, ownership interest in WISH, LLC, and control significant functions of the business, and determine salaries/compensation, and makes hiring decisions related to WISH, LLC.  Upon information and belief, both Defendants Robert D.G. Lewis and Jacqueline Lewis are authorized to issue

checks on corporate accounts and have custody and control of employment records and is responsible for maintaining those records. Defendants Robert D.G. Lewis and Jacqueline Lewis have ultimate decision-making authority and responsibility over the employment practices of Defendant WISH, LLC, and they directly profit from the labor performed by the Plaintiff and other employees. Accordingly, Defendants Robert D.G. Lewis, Jacqueline Lewis, and Daniel Lewis have all acted directly and indirectly in the interests of Defendant WISH, LLC, and at all times material herein, fit the definition of "employer" within the meaning of the FLSA and the D.C. Minimum Wage Act, 29 U.S.C. § 203(d) and D.C. CODE ANN. § 32-1002(3), respectively; rendering each of the individual Defendants jointly and individually liable under for damages to the Plaintiff, arising under the FLSA and the D.C. Minimum Wage Act.

8.      Venue is proper.

9.      This Court has federal question jurisdiction to hear Plaintiff's FLSA claims see 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's claims arising under the D.C. Minimum Wage Act. 28 U.S.C. § 1367.

## Factual Allegations

10.     For purposes of Plaintiff's FLSA and D.C. Minimum Wage Act claims, and at all times relevant to the events alleged in this complaint, the Plaintiff was an employee of each of the Defendants, as provided under 29 U.S.C. § 203.

11.     Plaintiff became employed with the Defendants in March of 2007.

12.     Throughout her employment, the Plaintiff worked at the headquarters of WISH, LLC, and she was primarily involved in inside sales work, i.e., arranging for prospective lessees to agree to lease housing space from WISH, LLC. Plaintiff was given the title "Director of Sales."

13.     Plaintiff was paid an hourly rate, with commissions and bonuses.

14.     At various times, Plaintiff worked in excess of a forty hour workweeks.  Defendants required and knowingly permitted the Plaintiff to work hours greater than 40 hours each statutory work week.

15.     Nevertheless, Defendants only paid the Plaintiff her straight hourly rate (and sometimes not even that), and failed to pay the Plaintiff overtime owed, based on her hourly rate and the commissions and bonuses that she received while in Defendants' employ.

16.     Plaintiff was not exempt from the overtime requirements of the FLSA or the D.C. Minimum Wage Act.

17.     Defendants have refused to pay the Plaintiff for all overtime hours worked, despite demand that they do so with no further delay.

## Causes of Action

### COUNT I
**(FLSA - Failure to Pay Overtime)**
**(All Defendants)**

18.     Plaintiff incorporate paragraphs 1-17 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants - at all times during the Plaintiff's employment - have failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, to include commissions and bonuses, as required by Federal law and applicable Federal regulations.

### COUNT II
**(D.C. Minimum Wage Act - Failure to Pay Overtime)**
**(All Defendants)**

19.     Plaintiff incorporates paragraphs 1-18 as set forth above, and states that Defendants'

actions complained of herein constitute a violation of § 32-1003 (overtime), because Defendants - at all times during the Plaintiff's employment - have failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, to include commissions and bonuses, as required by D.C. law and applicable D.C. regulations.

### Prayer

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Enter a Judgment against Defendants in favor of the Plaintiff, reflecting all unpaid overtime determined by a Jury to be due and owing to the Plaintiff under the FLSA and D.C. Minimum Wage Act, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage premiums awarded to Plaintiff;

(b)     Award Plaintiff her attorneys' fees and costs in pursuing this action;

(c)     Award Plaintiff interest on any sums determined due and owing from Defendants;

(d)     Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____ /s/

James Edward Rubin, Esq. (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com

## Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a

jury.

James Edward Rubin, Esq.